UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SANDRA LEE CIMINI, | * |
| | * |
| Plaintiff, | * |
| | * |
| v. | * |
| | *     Civil Action No. 14-30048-MGM |
| CAROLYN COLVIN, | * |
| Acting Commissioner of Social Security, | * |
| | * |
| Defendant. | * |

MEMORANDUM AND ORDER REGARDING PLAINTIFF'S MOTION FOR JUDGMENT ON THE PLEADINGS AND DEFENDANT'S MOTION FOR ORDER AFFIRMING COMMISSIONER
(Dkt. Nos. 14 and 18)

March, 16 2015

MASTROIANNI, U.S.D.J.

This is an action for judicial review of a final decision by the Commissioner of the Social Security Administration ("Commissioner"), denying Plaintiff's application for social security disability insurance benefits ("SSDI"). See 42 U.S.C. § 405(g). The parties have filed cross-motions for judgment on the pleadings. At issue is whether the Administrative Law Judge ("ALJ") erred by (1) issuing his decision despite procedural deficiencies at the hearing, (2) improperly reaching determinations concerning Plaintiff's credibility, or (3) failing to consider longitudinal evidence in the record.

As discussed below, the ALJ carefully and adequately addressed procedural concerns that arose during the hearing, properly exercised his discretion in evaluating Plaintiff's credibility, and thoroughly considered the evidence provided to him. The court will, therefore, deny Plaintiff's Motion for Judgment on the Pleadings, (Dkt. No. 14), and allow Defendant's Motion for Order Affirming the Decision of the Commissioner, (Dkt. No. 18).

The parties are familiar with the factual and procedural history of this case, so the court begins its discussion with the standard of review.

## I. STANDARD OF REVIEW

The role of a district court reviewing an ALJ's decision is limited to determining whether the conclusion was supported by substantial evidence and based on the correct legal standard. See Seavey v. Barnhart, 276 F.3d 1, 9 (1st Cir. 2001). "The findings of the Commissioner of Social Security [and his designee, the ALJ] as to any fact, if supported by substantial evidence, shall be conclusive . . . ." 42 U.S.C. 405(g). Substantial evidence means that "a reasonable mind, reviewing the evidence in the record as a whole, could accept it as adequate to support [the Commissioner's] conclusion." Rodriguez v. Sec'y of Health & Human Servs., 647 F.2d 218, 222 (1st Cir. 1981). Credibility judgments made by ALJs who have "observed the claimant, evaluated his demeanor, and considered how that testimony fit in with the rest of the evidence, [are] entitled to deference, especially when supported by specific findings." Frustaglia v. Sec'y of Health & Human Servs., 829 F.2d 192, 195 (1st Cir. 1987). The court reviews questions of law de novo. Ward v. Comm'r of Soc. Sec., 21 F.3d 652, 655 (1st Cir. 2000).

## II. DISABILITY STANDARD AND THE ALJ'S DECISION

With respect to Plaintiff's claim for disability insurance benefits, Plaintiff must establish disability on or before the last date on which she was insured, September 1, 2010.

The Social Security Act (the "Act") defines disability, for purposes of SSDI, in part, as the inability "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 423(d)(1)(A). An individual is considered disabled under the Act,

> only if his physical or mental impairment or impairments are of such severity
> that he is not only unable to do his previous work but cannot, considering

his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy, regardless of whether such work exists in the immediate area in which he lives, or whether a specific job vacancy exists for him, or whether he would be hired if he applied for work.

42 U.S.C. § 423(d)(2)(A). See generally Bowen v. Yuckert, 482 U.S. 137, 146-49 (1987).

In determining disability, the Commissioner follows the five-step protocol described by the First Circuit:

> 1) if the applicant is engaged in substantial gainful work activity, the application is denied; 2) if the applicant does not have, or has not had within the relevant time period, a severe impairment or combination of impairments, the application is denied; 3) if the impairment meets the conditions for one of the "listed" impairments in the Social Security regulations, then the application is granted; 4) if the applicant's "residual functional capacity" is such that he or she can still perform past relevant work, then the application is denied; 5) if the applicant, given his or her residual functional capacity, education, work experience, and age, is unable to do other work, the application is granted.

Seavey v. Barnhart, 276 F.3d at 5.

In the instant case, the ALJ found as follows with respect to these steps. First, Plaintiff did not engage in substantial gainful activity during the period from her alleged onset date of January 15, 2005 through her date last insured of September 1, 2010. (Dkt 10.) Moving to step two, the ALJ found Plaintiff had one severe impairment: degenerative disc disease status post-two microdiscectomies. (SSA Admin. Rec. of Soc. Sec. Proceedings 11, Dkt. No. 12 (hereinafter A.R.).) At the third step, the ALJ determined Plaintiff, through the time of her date last insured, did not have an impairment, or combination of impairments, that met or medically equaled the severity of one of the impairments listed in 20 C.F.R. Part 404, Subpart P, Appendix 1. (A.R. 11.) Specifically, the ALJ particularly considered listing 1.04 entitled "Disorders of the Spine" and concluded Plaintiff's impairment did not meet or equal the listing because "[t]here is no evidence of nerve root compression characterized by neuro-anatomic distribution of pain, limitation of motion of the spine, motor loss accompanied by sensory or reflex loss and positive straight-leg raising test; spinal

arachnoiditis; or lumbar spinal stenosis resulting in pseudoclaudication with inability to ambulate effectively, as required by listing 1.04." (A.R. 11.)

Continuing to step four, the ALJ found Plaintiff's RFC allowed her to perform light work, as defined in 20 C.F.R. 404.1567(b), provided the work is further limited with respect to lifting and carrying; climbing ramps or stairs; balancing; stooping; kneeling; crouching; crawling; sitting (up to six hours in an eight hour day). (A.R. 12.) Plaintiff would also need to avoid climbing ladders, ropes or scaffolds and concentrated exposure to extreme cold and hazardous conditions. (A.R. 12.) The ALJ concluded, even with these limitations, Plaintiff was capable of performing her past relevant work as a medical secretary. As a result, the ALJ determined Plaintiff was not disabled.

## III. DISCUSSION

Plaintiff makes three arguments challenging the ALJ's decision. First, she argues her rights to due process were violated because the ALJ went forward with the hearing despite knowing Plaintiff, who was unrepresented, had not yet reviewed the materials in her file. Second, Plaintiff argues the ALJ improperly discounted Plaintiff's credibility when evaluating the severity of her impairments and their impact on her RFC. Finally, Plaintiff asserts the ALJ erred in failing to consider longitudinal evidence in the record, including new information provided by Plaintiff, largely relating to her impairments subsequent to her date last insured.

In response, the Commissioner asserts the ALJ protected Plaintiff's rights by giving her the option of postponing the hearing and, when she chose to proceed, granting her an additional week after the hearing to review and supplement the evidence in her file. As to Plaintiff's credibility, the Commissioner argues substantial evidence supported the ALJ's credibility determination. With respect to Plaintiff's argument related to longitudinal evidence, including new evidence, the Commissioner argues the court should not consider evidence related to Plaintiff's impairment after

4

her date last insured. Additionally, with respect to new evidence, the Commissioner argues the court should not consider any new evidence because Plaintiff has failed to show good cause for not previously providing such evidence to the ALJ. The court first addresses the question of whether it can consider the new evidence presented by Plaintiff and then addresses Plaintiff's three arguments in turn.

A.    <u>Additional Evidence</u>

Generally, a district court reviewing the decision of the Commissioner of Social Security may consider only the material in the pleadings and the Administrative Record. 42 U.S.C. § 405(g). A district court reviewing a decision of the Commissioner of Social Security may order the Commissioner of Social Security to take additional evidence "upon a showing that there is new evidence which is material" and "good cause for the failure to incorporate such evidence into the record in a prior proceeding." <u>Id.</u> Plaintiff has submitted evidence to this court that was not made a part of the record considered by the ALJ. The court begins by considering whether Plaintiff has established good cause for failing to provide this evidence at the time of hearing. If Plaintiff cannot establish good cause for failing to provide the evidence to the ALJ, this court cannot order the commissioner to consider it. She asserts her earlier failure to incorporate the additional evidence into the record considered by the ALJ was due to her lacking representation.

A claimant seeking Social Security benefits "has as much right to proceed *pro se* as he does to engage a lawyer" and "the absence of counsel, without more, creates no basis for remand." <u>Evangelista v. Sec'y of Health & Human Servs.</u>, 826 F.2d 136, 142 (1st Cir. 1987) (finding claimant's decision not to obtain assistance from a representative did not create good cause for his failure to provide all relevant records at the time of his hearing). The ALJ made sure Plaintiff knew she had a right to counsel; he explained counsel could help her navigate the significance of her date last

insured and would make sure her file was complete. Despite the cautions provided by the ALJ, Plaintiff decided to proceed without a representative. Having cautioned Plaintiff regarding the difficulties of proceeding without a representative, the ALJ also helped Plaintiff by granting her additional time to complete her file. Since Plaintiff has not submitted specific evidence "suggesting some sort of prejudice or unfairness attributable to self representation," she has failed to establish good cause for her failure to provide to the ALJ the records she now seeks to have considered. Id. The court, therefore, does not consider this evidence and declines to order the Commissioner to do so.

B.      Plaintiff's Due Process Rights

During Plaintiff's hearing, after confirming Plaintiff wished to waive her right to counsel, the ALJ learned Plaintiff had not yet reviewed the evidence in her file. (A.R. 29.) Prior to her hearing before the ALJ, Plaintiff had received a notice informing her to arrive thirty minutes prior to her hearing so she could review the materials in her file. (A.R. 29.) Plaintiff arrived thirty minutes early, but, due to a misunderstanding about the CD containing her file, Plaintiff did not review her file at that time.[1] (A.R. 29-30.) When the ALJ learned Plaintiff had not yet reviewed her file, he expressed some concern; after a lengthy discussion with Plaintiff, the ALJ offered her two options for ensuring her file was complete. (A.R. 34-36.) First, the ALJ offered to give Plaintiff an additional week following the hearing to review the file on the CD and advise the ALJ as to whether the file was complete. (A.R. 34.) Then, after explaining to Plaintiff how she could review the CD, the ALJ also offered to adjourn the hearing until she had a chance to review her file. (A.R. 36.) Plaintiff declined the offer to adjourn the hearing and confirmed she would review the file after the hearing and notify

---

[1] Her testimony at the hearing indicates she may have received incorrect information when she arrived for her hearing which caused or exacerbated her confusion. (A.R. 32.) As she was later offered two options to ensure she had an opportunity to review her file for completeness, the court does not find it necessary to determine the exact source of Plaintiff's confusion. (A.R. 36.)

6

the ALJ in writing as to whether the file was complete. (A.R. 36.) One week later, Plaintiff called to confirm her file was complete and ready for decision. (A.R. 198.)

Plaintiff argues her failure to review the evidence in her official file prior to the hearing caused her to be deprived of her due process rights. She has not cited any authority to support her claim and the court finds none. The ultimate responsibility to submit evidence for consideration by the ALJ in advance of the hearing is on claimants. See 20 C.F.R. 405.331; see also 20 C.F.R. 404.704. Although it is Plaintiff's obligation to make sure the ALJ has the complete record, the ALJ acknowledged Plaintiff was an unrepresented party and took care both to explain to Plaintiff the importance of reviewing her record and to provide her with an opportunity to review her file. His actions were adequate to ensure Plaintiff would not be harmed by her confusion about how to review her file, whatever its source. In the absence of evidence suggesting Plaintiff was misled as to those choices or their significance, the court finds Plaintiff's due process interests were protected. See Figueroa v. Sec'y of Health, Ed. & Welfare, 585 F.2d 551, 554 (1st Cir. 1978)(finding claimant who had not been misled about his options for obtaining counsel was not deprived of his due process rights when he elected to proceed without counsel). When, as here, the ALJ "has offered what amounts to reasonable notice and opportunity to be heard, there is no underlying due process violation." Newcomb v. Astrue, No. 2:11-cv-02-GZS, 2012 WL 47961 (D. Maine, Jan. 6, 2012) (citing Richardson v. Perales, 402 U.S. 389, 404-405 (1971)).

C.  Plaintiff's Credibility

After finding there was sufficient objective medical evidence of Plaintiff's symptoms, the ALJ concluded Plaintiff's testimony as to the intensity, persistence, and limiting effects of her symptoms was not credible because it was not consistent with other evidence in the record. Plaintiff argues the ALJ erred in reaching this conclusion because he focused on "isolated issues, taken out of context,"

rather than considering all of the required factors and explanations for possible inconsistencies. As an initial matter, the court reiterates the applicable standard: credibility determinations made by the ALJ, who has actually observed Plaintiff at the hearing, are entitled to deference. <u>Frustaglia</u>, 829 F.2d at 195. When there is sufficient medical evidence to demonstrate a claimant has a medically determinable impairment that could produce the symptoms he or she alleges, the ALJ must consider whether the evidence substantiates the severity of the alleged impairment. 20 U.S.C. § 404.1529; SSR 96-7p. The ALJ is also directed to "determine the extent to which symptoms, such as pain, affect [a claimant's] capacity to perform basic work activities." 20 U.S.C. § 404.1529(c)(4). In making this determination, the ALJ must consider several factors including "whether there are any inconsistencies in the evidence" and "the extent to which there are any conflicts between [a claimant's] statements and the rest of the evidence." <u>Id.</u> In making these determinations in this case, the ALJ had to evaluate Plaintiff's credibility.

The ALJ did not find Plaintiff's statements as to the severity of her alleged impairments on the date last insured credible. He offered several reasons for his conclusion, including "several inconsistencies between the claimant's report of subjective symptoms, and objective findings on physical examination." (A.R. 16.) First, he found Plaintiff's testimony–answering "Yes, I do," when asked by the ALJ if she always used her cane–to be inconsistent with medical evidence indicating she had ceased using her cane two months previously. (<u>Compare</u> A.R. 51-52 <u>with</u> A.R. 563.) Plaintiff asserts the ALJ's conclusion about this inconsistency was erroneous because a medical record from approximately one month before the hearing indicated Plaintiff was again using her cane. The court has reviewed the medical record cited by Plaintiff and did not find any language indicating Plaintiff had resumed the use of a cane. (A.R. 555-556.) The court thus finds substantial evidence justified the

ALJ's conclusion that an inconsistency existed between Plaintiff's statement about her use of the cane and the relevant medical evidence.[2] See Frustaglia, 829 F.2d at 195.

Another inconsistency identified by the ALJ concerned Plaintiff's ability to walk. He found her documented ability to walk prior to her date last insured to be inconsistent with Plaintiff's allegation she was too disabled to perform full time work. Medical reports from 2008, 2009, and 2010, from multiple providers, stated Plaintiff reported walking two or more miles per day. (A.R. 431, 242, 495, 413.) The ALJ determined Plaintiff's daily walking during the period prior to her date-last-insured was consistent with the RFC he assigned her for that period and, therefore, inconsistent with her claimed inability to perform all full time work.

The ALJ's negative assessment of Plaintiff's credibility was not just based on the evidentiary inconsistencies he identified. He also considered medical evidence indicating Plaintiff did not always use her medications correctly to weigh against Plaintiff's credibility. The November 7, 2009 and October 7, 2011 treatment notes of Plaintiff's treating physician, Dr. Rebecca Caine, substantially support the ALJ's conclusion about Plaintiff's history of misusing certain pain medication. (A.R. 248-49, 542-43.) Considering both the inconsistencies identified by the ALJ and evidence related to misuse of pain medication, the court concludes the ALJ's determination, that Plaintiff's limitations were not as severe as reported, was supported by substantial evidence.

D.      Longitudinal Evidence

Finally, Plaintiff asserts the ALJ erred by failing to consider "longitudinal evidence of record" and goes on to provide a summary of her medical record, including new evidence that was not in the file considered by the ALJ. Plaintiff's recitation of evidence is unavailing for several reasons. First, as discussed in Part A, above, Plaintiff has not met the standard to have this new evidence considered by the Commissioner, nor can this court consider it. Second, this court must

---

[2] Nothing in the ALJ's decision indicates he considered the inconsistency related to the cane use as relevant to any inquiry other than Plaintiff's credibility.

uphold the ALJ's determination if it was supported by substantial evidence, even if the available evidence could have supported other determinations. Rodriguez Pagan v. Sec'y of Health & Human Servs., 819 F.2d 1, 3 (1st Cir.1987) (per curiam). Plaintiff's presentation of an alternative medical summary, rather than an analysis of the ALJ's own summary of the medical evidence, asks the court to flip the standard of review and consider whether there is substantial evidence that would have supported the ALJ in reaching different conclusions. The court declines this invitation. While a different ALJ may have reached a different conclusion when reviewing the record that was before the ALJ in this case, substantial evidence supports the conclusions reached by the ALJ.

II. CONCLUSION

For these reasons, the court DENIES Plaintiff's Motion for Judgment on the Pleadings, (Dkt. No. 14), and ALLOWS Defendant's Motion for Order Affirming Decision of the Commissioner, (Dkt. No. 18). The clerk shall enter judgment for Defendant, and this case may now be closed.

It is So Ordered.

    /s/ Mark G. Mastroianni  
MARK G. MASTROIANNI  
United States District Judge